## R. W. RAYNE *v.* DAVID TAYLOR & CO.

Entries made by a Clerk in his employer's books, are *prima facie* evidence in favor of the former against the latter, when it is shown that the books were annually examined by the employer and that balance-sheets were semi-annually furnished to him, which embraced the disputed items.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
*C. D. Singleton*, for plaintiff. *Durant & Hornor*, for defendants and appellants.

SPOFFORD, J. There was no error in overruling the peremptory exception. There were no partnership accounts to settle, and it was competent for the plaintiff to demand the balance due him on the "loan account" merely. If there had been any equally liquidated sum due by the plaintiff to the defendant on other accounts, it might have been pleaded in compensation.

The reconventional demand was unconnected with the main action, and was properly disregarded.

It being proven that the books kept by the plaintiff's son were annually examined by the defendant, who spent a portion of his time each year in New Orleans, and that balance-sheets, including the account sued upon, were forwarded to him semi-annually, we think there was no error in admitting the books in evidence. The defendant appears to have found no fault with the entries when they were communicated to him. Coupled with the oral testimony they make out a *prima facie* case for the plaintiff, which has not been rebutted by evidence on the part of the defendant.

There was error in allowing interest at the rate of eight per cent., in the absence of a legal contract to that effect.

It is, therefore, ordered, that the judgment of the District Court be so amended as to reduce the interest upon the principal sum therein awarded, from eight per cent. to five per cent. *per annum*, and that, as thus amended, the said judgment be affirmed; the costs of this appeal to be borne by the plaintiff and appellee.

MERRICK, C. J., not present at the argument, took no part in the decision.